MORALES, PLAINTIFF AND APPELLANT, *v.* VIVALDI, DISTRICT ATTORNEY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Guayama in an Action for the Delivery or Return of Money.

No. 1561.—Decided May 12, 1917.

SEIZURE OF PROPERTY—ARREST—EVIDENCE—PRESUMPTION—PROOF.—When a prosecuting officer seizes property belonging to the defendant while making an arrest, there is no presumption of any kind; for if it could be supposed that there was a presumption that the officer needed it as evidence, it would be offset by the presumption of innocence, otherwise it would be possible for a prosecuting officer to seize whatever pleased him and hold it indefinitely, or until a person accused of crime showed that it was not needed as evidence.

ID.— OWNERSHIP — POSSESSION.—When property seized by a prosecuting officer belongs to a certain person, or even is in possession of such person, he has a right to it against all the world until someone else shows a better right, either to the ownership or to the possession.

ID.—ID.—CONFISCATION OF PROPERTY SEIZED.—Property taken from the person arrested may not be confiscated or destroyed by the officer without some order or judgment of the court, and should be returned to the owner if it is not connected with the offense for which he was arrested and, even when connected with the offense, should be returned to the prisoner when no longer required for the purposes of justice.

ID.—ID.—CONSPIRACY—EVIDENCE—DISCRETION.—The question of whether a sum of money taken by a prosecuting officer from a person accused of conspiracy

is needed in evidence is one necessarily largely in the discretion of the prosecuting officer, but that the money would be needed as evidence cannot be assumed without some showing on the part of the said officer; and what that showing should be is largely in the discretion of the trial court.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for the appellant.

The appellee appeared *pro se* and was also represented by *Mr. Salvador Mestre, Fiscal* of the Supreme Court.

MR. JUSTICE WOLF delivered the opinion of the court.

To the complaint in this case the defendant filed a demurrer and also an answer in which he admitted all the facts of the complaint. Judgment was rendered for the defendant.

The formal question presented is whether the complaint states a cause of action. It is substantially as follows:

"I. That the complainant, María Morales, was actually being prosecuted by The People of Porto Rico in a criminal proceeding against her and other persons for the crime of conspiracy.

"II. That the defendant, acting in his capacity of district attorney of Guayama, at the beginning of the proceedings against her seized the sum of three thousand dollars in cash belonging to the complainant, in whose power and possession the said money was, without such seizure having proceeded from any order made by any court or judge.

"III. That the defendant retains the said sum of money against the will and without the consent of the complainant.

"IV. That the complainant has demanded of the defendant that he return the said sum of money, and that he has refused to do so.

"V. That upon making the demand referred to in the previous paragraph the complainant informed the defendant that, if the seizure and retention of the said sum of money was with the object of presenting it at the trial of the cause as evidence of guilt or as an element of proof on behalf of The People of Porto Rico, the said People would suffer no prejudice by returning the money, inasmuch as the complainant, who is accused in this case, would admit as a fact and in writing that the said sum of money was seized in her possession by the *fiscal* of Guayama, and that it was part of a greater amount that had been delivered to her by Simón A. Alcaide in connection with the matter to which the criminal cause refers.

"Therefore, the complainant prays the court to render judgment ordering the defendant to return and deliver to the complainant the said sum of three thousand dollars, with costs."

The court in its opinion assumes two things: first, that the complainant voluntarily turned this money over to the defendant; and, second, that the said money is needed in evidence at the trial. Neither of these facts appears from the complaint. They have been assumed or presumed. When a sheriff or a prosecuting officer seizes property belonging to a person while making an arrest, there is no presumption of any kind. If it could be supposed that there was a presumption that the Government officer needed the property taken as evidence, it would be offset by the presumption of innocence; otherwise it would be possible for any peace officer or prosecuting officer to seize whatever pleased him and hold it indefinitely or until a person accused of crime showed that it was not needed as evidence. When property belongs to a certain person, or even is in possession of such a person, he has a right to it against all the world until someone else shows a better right either to the ownership or to the possession. The law with respect to the right of search and to take property is summed up in 5 C. J. 434, as follows:.

"(§74) After making an arrest an officer has the right to search the prisoner, removing his clothing if necessary, and take from his person, and hold for the disposition of the trial court any property which he in good faith believes to be connected with the offense charged, or that may be used as evidence against him, or that may give a clue to the commission of the crime or the identification of the criminal, or any weapon or implement that might enable the prisoner to commit an act of violence or effect his escape.

"There has been a disposition on the part of some courts to extend the operation of this rule to money, jewelry, and other articles of value, as a prisoner might therewith procure the means or facilities to effect his escape, and in at least one jurisdiction the taking of money from the person of one who has been arrested seems to be authorized by statute, and if it is taken wrongfully a proceeding by civil action is authorized to recover it. The better rule, however,

seems to be that, unless such property is connected with, or consti-
tutes the fruits of, the particular crime for which the prisoner was;
arrested, the officer has no right to take it from him, as he might
thereby be deprived of the means of making his defense.    Under·
some circumstances it may be the duty of the officer to take posses--
sion of money and articles of value · for safekeeping and for the
purpose of restoring them to the owner.

&ast; •        &ast;      -    &ast;        &ast;    .    &ast;   ·    &ast;         &ast;

" (75) 2. The taking of things from the arrested person does not
change the property in them.   Such articles may not be confiscated,
or destroyed by the officer without some order or judgment of the
court.   Property taken from a person at the time of his arrest should,
be returned to him if it is not connected with the offense for which
he was arrested, and it seems that this should be done if he is dis-
charged or acquitted.   Even if connected with, or used in, the com-,
mission of the offense, yet if it belongs to the prisoner and is innocent
in itself the property should be returned to the prisoner or delivered
upon his order when no longer required for purposes of justice.   In
any event the property may be delivered to its true owner, particu-
larly with the consent of the persons from whom it was taken.
Such return may be obtained by motion and order, although in some
cases the remedy is by action.   Where papers were voluntarily sur-,
rendered to the prosecuting attorney, he knowing that they would
be used as evidence upon the trial of the party surrendering them,
they cannot be recovered pending the trial.''                              •

The cases cited in the notes support the text.   See also
Bishop on New Criminal Procedure, pars. 210, 212; 2 R. C. L.,
468; Clark's Criminal Procedure, p. 71.

There are some indications in the complaint.that the dis-
trict attorney may perhaps need this money for evidence
at the trial, but there is no admission of this fact.   In-
deed, if probabilities are considered the probability is that
a *fiscal* to convict a person of conspiracy, where the turn-
ing over of a sum of money is involved and the recep-
tion of the money is . admitted, would not need the money
in his possession to convict.   The question of whether this
money is needed in evidence is one necessarily largely in the
discretion of the prosecuting officer, but that the money

would be needed as evidence cannot be assumed without some showing on the part of the said officer. What that showing should be is largely in the discretion of the trial court. On the face of the complaint, however, the complainant had the ownership and was entitled to the possession of this money. It was taken from her without a search warrant and in the admitted facts there is no showing that the property was taken at the time of making the arrest. The money was seized by the district attorney against the will of the complainant in this case. As the district attorney is a magistrate, there is, if anything, an inference against the idea that the complainant voluntarily turned the money over to him. The complaint says that he seized it.

In the citations from the books there are sentences which intimate that if the property seized is the fruit of a crime it may be retained by the officer, but the intendment of all these cases is that the money, if not the property of another person, should be returned to the defendant, unless it is, in point of fact, needed for evidence. Even if it were needed for evidence, as we understand the law, the money, after the trial, would have to be returned to the true owner.

Under the pleadings of this case, if it did not involve a matter of public justice, the complainant would be entitled to a summary judgment. As there is, however, a possibility that the money may be needed as evidence, in reversing the case we shall permit the defendant to amend his answer and to file a different one, as he may be advised, to show the necessity for the retention of the said money.

The judgment must be

*Reversed with leave to amend.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.